■ ZENAIDA LEBRON, Respondent, v NEW YORK INFIRMARY, Defendant, and RIZALINO G. VICENTE, Appellant. — Judgment, Supreme Court, Bronx County (Anthony Mercorella, J.), entered on February 22, 1983, affirmed, without costs and without disbursements. Concur — Sandler, Carro, Milonas and Alexander, JJ.

Kupferman, J. P., dissents in a memorandum as follows: I would reverse and order a new trial. The defendant physician appeals from a judgment in favor of the plaintiff based on an alleged act of malpractice. The defendant physician had been treating the plaintiff for chronic cervicitis. He had also performed several abortions for her. She had serious problems, both with her vaginal wall, and also with her continual pregnancies. The physician found that he had to perform a number of procedures in the hospital, all through vaginal entry. First, he performed a dilation and curettage, second a repair of the cervix, and third a plastic repair of the vaginal wall. Because he was thus to be engaged, he suggested to the plaintiff that she consider sterilization by means of tubal ligation, which he performed at the same time. The plaintiff's expert testified that the tubal ligation should have been done through an abdominal entry. However, if the purpose of the operative procedure was really for a tubal ligation, this might be a point, but in this case the tubal ligation was a subsidiary by-product, and thus to hold the physician responsible for the failure of the ligation under these circumstances is against the weight of the evidence. Moreover, the award was excessive. The jury awarded $150,000 for pain and suffering as a result of the "negligent" operation performed by the defendant, and $25,000 for pain and suffering that the plaintiff experienced as a result of the subsequent abortion. This amount was reduced by stipulation to $50,000 for the operational pain and suffering, and $25,000 for the abortion pain and suffering. Inasmuch as the defendant physician performed the tubal ligation as part of a needed medical procedure for other purposes for the cervix and the uterine wall, and further, contrary to the suggestion of the plaintiff's expert, did not go through the abdomen, there could be little or no additional pain and suffering for the ligation. Moreover, inasmuch as this plaintiff is accustomed to abortions, seemingly as a routine procedure, there could be little additional pain and suffering on that score.